UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

O'NEIL RUSSELL,

                        Plaintiffs,

   -against-

THE CITY OF NEW YORK, N.Y.C. POLICE
OFFICER VLAD GREEN, SHIELD # 23075,
N.Y.C. POLICE OFFICER JOSEPH IMPERATRICE,
AND N.Y.C. POLICE OFFICERS "JOHN DOE[S]",
EACH BEING SUED INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,

                        Defendants.
------------------------------------------------------------X

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

09 2759

WEINSTEIN, J.

1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth and Fourteenth Amendment to the Constitution of the United States, the N.Y. State Constitution, false arrest, malicious prosecution, assault and battery, abuse of process, negligent and intentional infliction of emotional distress, and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 US C. sec. 1983. Jurisdiction is founded upon 28 U.S.C. sec. 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. sec. 1367. Venue is proper under 28 U.S.C. sec. 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiffs' are residents of New York City, Kings County, State of New York.

4. At all times hereinafter mentioned, the defendant police officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO

AS "N.Y.P.D.") acting within the scope and authority of his employment. Each individual defendant is sued individually and in his official capacity as a N.Y.C. Police Officer.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed each individual Defendant sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights, assault, false arrest and malicious prosecution of the Plaintiff.

## FACTS

9. On or about February 24, 2009, at approximately 11:20 P.M., at the 70th Precinct, located at 154 Lawrence Avenue, Brooklyn, New York, plaintiff was at the precinct to lodge a complaint about a police officer who had been verbally abusive earlier that night when plaintiff had tried to question him about a traffic ticket.

10. Plaintiff had gone to the precinct with his girlfriend and his sister. They were trying to make a complaint when for no legitimate reason the officers arrested plaintiff and used excessive force in effectuating said arrest.

11. Plaintiff was falsely charged with various crimes, including the felony of assault on a police officer, disorderly conduct and resisting arrest.

12. All of the paperwork prepared regarding these false charges was prepared by defendant officers, and at the time of preparation the defendant officers falsely prepared the documents and included in them material misstatements of fact which he knew to be false. Defendants knew that these documents would be relied on by the District Attorney and the Court during plaintiff's prosecution.

13. While in custody, plaintiff was taken to Coney Island Hospital and treated for various injuries. He was bleeding from his wrists and knees. X-rays were taken, but there were no broken bones. He also received a tetanus shot.

14. Plaintiff was held in custody for approximately 24 hours before being released at arraignment.

15. On or about April 15, 2009, plaintiff and his girlfriend Naudia Barrett testified in the grand jury related to these charges. The grand jury voted no true bill. On or about April 22, 2009, all charges were dismissed against plaintiff.

16. As a result of Plaintiff's false arrest, incarceration, vicious assault, malicious prosecution, abuse of process and violation of his civil rights, each Plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional and physical injuries.

17. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendants' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

18. Defendant City and N.Y.P.D. knew or should have known that prior to June 16, 2004, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of Defendants

officers was occurring, in that there were reports of such unlawful conduct by these specific officers

19. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

20. On May 22, 2009, a Notice of Claim was served upon the Defendant City of New York, setting forth :

   a) The name and post office address of the Claimants and their attorney;
   b) The nature of the claim;
   c) The time, place, and the manner in which the claim arose;
   d) The items of damages and injuries sustained so far as practicable.

21. The Notice of Claim was served upon the Defendant City within 90 days after Plaintiff's several causes of action accrued.

22. More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

23. The City of New York and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

24. Pursuant to Section 50-H of the General Municipal Law, plaintiff has been available for a deposition, and on June 25, 2009, a 50-h hearing was held.

25. This action has been commenced within one year and 90 days after Plaintiff's various causes of action have accrued.

26. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

## FIRST CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
(False arrest)

27. Plaintiff reiterates and realleges the facts stated above as if fully stated herein.

28. As a result of their actions, Defendants, individually, and in conspiracy with each other, under "color of law", deprived plaintiff of his right to liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

29. Defendants subjected Plaintiffs to these deprivations of their rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

30. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered physical injuries, endured great pain and mental suffering, and were deprived of their physical liberty.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
(Excessive Force)

31. Plaintiff reiterates and realleges the facts stated above as if fully stated herein.

32. As a result of their actions, Defendants, individually, and in conspiracy with each other, under "color of law", deprived plaintiff of his right to freedom from the use of excessive and unreasonable force in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

33. Defendants subjected Plaintiffs to these deprivations of their rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

34. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered

physical injuries, endured great pain and mental suffering, and were deprived of their right to be free from the use of excessive force.

### THIRD CAUSE OF ACTION
### FOR CIVIL RIGHTS VIOLATIONS
(Monell violation)

35. Plaintiff reiterates and realleges the facts stated above as if fully stated herein.

36. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

37. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

### FOURTH CAUSE OF ACTION
### FOR ASSAULT AND BATTERY

38. Plaintiff reiterates and realleges the facts stated above as if stated fully herein.

39. At the said time and place, Plaintiff, without any just cause or provocation were assaulted and intentionally injured by Defendant officers, acting within the scope of their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City.

40. By reason of said assault, Plaintiff sustained personal injuries as aforesaid for which all Defendants are liable.

41. The aforesaid incident and resulting injuries to Plaintiff were caused without any fault of Plaintiff contributing thereto.

## FIFTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION AND ABUSE OF PROCESS

42. Plaintiff reiterates and realleges the facts stated above as if stated fully herein.

43. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officers, acting within the scope of their employment, "under color of law", and on behalf of their employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

44. As a result of said malicious prosecution and abuse of process, plaintiffs were com4pelled to come to court approximately eight times.

45. As a result of the aforesaid occurrence, Plaintiffs were caused to and did suffer the damages and injuries aforesaid, as well as economic damage for time lost at work due to their court dates. All Defendants are liable for said damages and injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants violated Plaintiffs' rights under state law, and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendant officers, and The City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendant officers and The City of New York for punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiffs' reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       June 26, 2009

RESPECTFULLY,

STEVEN A. HOFFNER, ESQ.
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

    investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
      June 26, 2009

_____
STEVEN A. HOFFNER, Esq.