UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ X

O'NEIL RUSSELL,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK; N.Y.C POLICE OFFICER
VLAD GREEN, SHIELD # 23075, N.Y.C. POLICE
OFFICER JOSEPH IMPERATRICE, AND N.Y.C.
POLICE OFFICERS "JOHN DOE[S]", EACH BEING
SUED INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY,

                                        Defendants.

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ X

**STIPULATION AND
ORDER OF
SETTLEMENT AND
DISMISSAL**

09 CV 2759 (JBW)(CLP)

**WHEREAS,** plaintiff commenced this action by filing a complaint, on or about June 29, 2009, alleging violations of his state and federal rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.      The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2.      The City of New York hereby agrees to pay plaintiff, O'Neil Russell, the sum of **Twenty Five Thousand Dollars ($25,000.00)** in full satisfaction of all claims, inclusive of claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff agrees to the dismissal of all claims against the defendants, The City of New York and Police Officers Vlad Green and Joseph Imperatrice, and to release the defendants and any present or former officials, employees, representatives and agents of the City of New York, or any agency thereof, from any and all liability, claims, or rights of action that were or could have been alleged in this action, including claims for costs, expenses and attorney fees.

3.      Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraph "2" above and an Affidavit of Status of Liens.

4.      Nothing contained herein shall be deemed to be an admission by the City of New York that it has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

6.      This Stipulation and Order contains all the terms and conditions agreed

upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
May 17, 2010

Steven Hoffner, Esq.
Attorney for Plaintiff
325 Broadway, Suite 505
New York, NY 10007
(212) 941-8330

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street
New York, NY 10007
(212) 788-6405

By: _____
     Steven Hoffner, Esq. SH-0585

By: _____
     Meghan A. Cavalieri (MC 6758)
     Assistant Corporation Counsel

SO ORDERED:

_____
     U.S.D.J.

- 4 -